# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian J. Manick, | Case No.: 0:22-cv-03140-JWB-LIB |
| Plaintiff, | |
| v. | **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |
| Research and Diagnostic Systems, Inc., a/k/a R&D Systems, Inc., Bio-Techne Corporation, | |
| Defendants. | |

TO: **DEFENDANTS RESEARCH AND DIAGNOSTIC SYSTEMS, INC., a/k/a R&D SYSTEMS, INC., BIO-TECHNE CORPORATION, BY AND THROUGH ITS COUNSEL OF RECORD, ASHLEY R. THRONSON, JANET M. OLAWSKY, AND TERESA M. THOMPSON; FREDRIKSON & BYRON, P.A., 200 SOUTH SIXTH STREET, SUITE 4000, MINNEAPOLIS, MN 55402-1425**

**PLEASE TAKE NOTICE,** pursuant to Federal Rules of Civil Procedure 26 and 34, you are required to produce for inspection the documents and other tangible things identified herein at River Valley Law, PA, 183 Seventh Avenue South, Waite Park, MN 56387 within thirty (30) days from the date of service.

<u>OBJECTION WILL BE MADE AT THE TIME OF TRIAL TO ANY ATTEMPT TO INTRODUCE EVIDENCE WHICH IS DIRECTLY SOUGHT BY THESE REQUESTS FOR PRODUCTION OF DOCUMENTS AND TO WHICH NO DISCLOSURE HAS BEEN MADE.</u>

## INSTRUCTIONS AND DEFINITIONS.

1. "Defendant", "you", and "your" refer to the party or parties to whom these requests are directed, and all other persons acting on their behalf including, but not limited to, their attorneys.

2. "Person" refers to any natural person, joint venture, partnership, company, corporation, association, or other legal or business entity.

1

3. "Document(s)" shall have the broadest meaning possible, and refers to all written and graphic matter of every kind and description, whether printed or produced by any process or by hand, whether final draft or reproduction, whether in the actual or constructive possession, custody, or control of the respondent to a given interrogatory, and whether physical, digital, or electronic, including any and all written letters, correspondence, memoranda, notes, statements, transcripts, files, charters, articles of incorporation, securities, bonds, stocks, certificates of deposit, contracts, agreements, licenses, memoranda or notes of telephone or personal conversations, audio recordings, video recordings, financial statements, checks, check stubs, written statements of witnesses or other persons having knowledge of relevant subject matter, and electronically stored information of every type and kind.

4. "Electronically Stored Information" or "ESI" shall have the broadest meaning possible, and refers to any and all electronic files, databases, software, hardware, emails, activity logs, and supporting information, including, but not limited to, active date, archived data, deleted data, legacy data, word-processed files, spreadsheets, databases, computer aided design (CAD) files, presentation data, slide shows, graphs, charts, data produced by project management software, animations, images, audio recordings, video recordings, audiovisual recordings, MP3 players and files, voicemail files, data generated by personal management software (*e.g.*, calendars and planners), mail logging data, routing data, hard drives, floppy disks, magnetic storage media, optical storage media, backup media, archived media, communication mediums, and internet activity logs, as well as any codebooks, keys, data dictionaries, diagrams, handbooks, or other supporting documents that aid in reading or interpreting the databases, electronic files, media, emails, hardware, software, or activity log information.

5. "Communicate" or "communication" when used in reference to a statement includes any oral or written conversation or publication. For each communication, state the date, time, and location of the communication, and the individuals present during the communication.

6. "Meeting" means any coincidence of presence of the persons, whether such coincidence of presence was by chance, prearranged, formal, informal or in connection with some other activity.

7. "Regarding" or "relating to" shall have the broadest meaning possible and shall include "concerning," "referring to," "alluding to," "responding to," "relating to," "connected with," "commenting upon," "in respect of," "discussing," "about," "establishing," "analyzing," "criticizing," "touching upon," "constituting," and "being."

8. Claims of Privilege and Objections: If any document or identification of any document, oral communication, or person is withheld under a claim of privilege, provide a statement setting forth the grounds upon which such claimed privilege rests and identify the documents being withheld by specifying:
    a. The type of document (for example, letter, memorandum, photographs, etc.).
    b. The date the document was prepared;
    c. The title of the document;
    d. The person who prepared the document;
    e. The person to whom the document was originally sent, if appropriate;

      f. The present location of the document;
      g. The present location of all copies of the document; and
      h. The person or persons having possession, custody or control of the document and any copies of it.

9. <u>Destroyed Documents</u>: If any document requested below has been destroyed or discarded, identify the document destroyed or discarded in the same manner of identification as requested above for documents you claim are privileged.

10. <u>Knowledge of the Defendant:</u> Where knowledge of the Defendant is requested, knowledge includes knowledge available to or possessed by the agents, representatives, and/or attorney of said Defendant, unless privileged.

11. <u>Copies Sufficient:</u> Where production of documents and/or ESI is requested, it is sufficient if true, correct, and legible copies are produced instead of permitting inspection.

## REQUESTS FOR PRODUCTION.

1. Provide any and all correspondence, documents, memoranda, inter- or intra-office communications or other writings by or between the Plaintiff, its agents, contractors, employees, or any persons acting on Plaintiff's behalf relating directly or indirectly to any of the matters referred to in any pleadings herein or relating to the subject matter of this litigation as defined above, including, but not limited to, information stored in Defendants' Paycom system; information stored in Defendants' share files; information stored in Defendants' Human Resources files; information stored in Defendant's IT files; information stored in Defendants' COVID-19 vaccine exemption files.

2. Provide all documents that you contend support each and every claim and/or allegation asserted in your Answer.

3. Provide all documents, ESI, and other tangible things you expect to use as an exhibit at trial.

4. Provide copies of any and all written or transcribed verbal statements you have kept, maintained, obtained, or taken in regard to the lawsuit.

5. Produce a copy of all documents that are relevant in any way to the COVID-19 vaccine as it relates to a condition of Plaintiff's employment.

6. Produce any documents, including emails, internal memorandum, and other correspondence related to Plaintiff's request for a COVID-19 exemption from Defendants' vaccine mandates.

7. Produce any documents, including emails, internal memorandum, and other correspondence related to whether a reasonable accommodation could be provided to Plaintiff.

8. Produce copies of Plaintiff's full and complete personnel file.

9. Provide copies of all emails, memos, files, notes, or other documents from Defendants medical director as it relates to this matter in any way, including but not limited to, policies, scientific studies, comments about religious beliefs, comments about vaccine policies, and any other related communications.

10. Provide copies of all press releases, newspaper articles or other public statements made by any of Defendants' officers, HR managers, or any members of its leadership team, related in any manner to Defendants' policy on the COVID-19 vaccine mandate imposed on Defendana, ts' employees.

12. Produce copies of any and all agreements, contracts, memoranda, or any other documents evidencing the role and relationship between Defendant Bio Techne Inc. and Defendant Research and Diagnostic Systems, Inc. as it relates to employment policies.

13. Produce copies of any and all agreements, contracts, memoranda, or any other documents evidencing the role and relationship between Defendant Bio Techne Inc. and Defendant Research and Diagnostic Systems, Inc. as it relates to requests for religious exemptions from Defendants' COVID-19 vaccine mandate.

14. Produce copies of any photos, sketches, diagrams, blueprints, drawings, or any other depictions of Plaintiff's workplace with Defendants.

15. Produce any and all recordings of any zoom meetings, video conferences, phone conferences, or other audio or visual meetings with Plaintiff maintained by Defendants regarding Plaintiff's employment with Defendants.

16. Produce copies of any and all emails, documents, notes, memos, intra- or inter office memoranda regarding any of Defendants' customers' comments, suggestions, complaints or concerns about Defendants' employees' COVID-19 vaccination status.

17. Produce any and all documents evidencing the amount of revenue that Defendants earned from any COVID-19 vaccine-related products sold by the Defendants, from March 1, 2020, to November 30, 2021.

18. Produce any and all documents evidencing written requests or requirements imposed on the Defendants with respect to working as a U.S. Federal government contractor or sub-contractor in connection with any aspect of the sale or production of COVID-19 vaccines.

This is an ongoing request for production of all documents or things now in existence or hereafter obtained at any time prior to the final entry of judgment in the above-entitled matter.

Dated: 9/11/2023

RIVER VALLEY LAW, P.A.

By: *[signature]*
Sarah R. Jewell (#0392268)
183 Seventh Ave. S.
Waite Park, MN 56387
Tel. (320) 497-7977
Fax (320) 640-2828
sjewell@rivervalleylaw.com
***Attorney for Plaintiff***