UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian J. Manick, | Case No.:   (0:22-cv-03140-JWB-LIB) |
| Plaintiff, | |
| v. | **PLAINTIFF'S INTERROGATORIES TO DEFENDANTS** |
| Research and Diagnostic Systems, Inc., a/k/a R&D Systems, Inc., Bio-Techne Corporation, | |
| Defendant. | |

TO: DEFENDANTS RESEARCH AND DIAGNOSTIC SYSTEMS, INC., a/k/a R&D SYSTEMS, INC., BIO-TECHNE CORPORATION, BY AND THROUGH ITS COUNSEL OF RECORD, ASHLEY R. THRONSON, JANET M. OLAWSKY, AND TERESA M. THOMPSON; FREDRIKSON & BYRON, P.A., 200 SOUTH SIXTH STREET, SUITE 4000, MINNEAPOLIS, MN 55402-1425

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 26 and 33, you are required to provide, under oath, within thirty (30) days of the service hereof, answers to the following Interrogatories.  If information is discovered by or becomes known to you or to your attorneys or to anyone acting on your behalf after answering the same which would change or add to the answers given, you are hereby directed to promptly furnish such information to the undersigned.

<u>OBJECTION WILL BE MADE AT THE TIME OF TRIAL TO ANY ATTEMPT TO INTRODUCE EVIDENCE WHICH IS DIRECTLY SOUGHT BY THESE INTERROGATORIES AND TO WHICH NO DISCLOSURE HAS BEEN MADE</u>.

1

## **INSTRUCTIONS AND DEFINITIONS.**

1. "Defendant", "you", and "your" refer to the party to whom these requests are directed, and all other persons acting on their behalf including, but not limited to, their attorneys.

2. "Person" refers to any natural person, joint venture, partnership, company, corporation, association, or other legal or business entity.

3. "Describe" means to specify in detail and to particularize the content of the answers to the questions and not just state the reply in summary or outline fashion.

4. "Identify" when used in reference to a natural person means to state the following information of that person:
   a. Full name;
   b. Age;
   c. Relationship to you;
   d. Current or last known address and telephone number; and
   e. Current or last known employer and employer's address and telephone number.

5. "Identify" when used in reference to a "person" that is a corporation or other legal business entity means that Defendant shall state the following information of that person:
   a. full legal name;
   b. date of incorporation or formation;
   c. state of incorporation;
   d. current or last known business and mailing address;
   e. current or last known telephone number; and
   f. all officers, directors, managing members, and/or owners.

6. "Identify" when used to refer to a document, shall mean to state:
   a. the date appearing on such document, and if no date appears thereon the answer shall so state and give the date or approximate date such document was prepared;
   b. the identifying or descriptive code number, file number, title or label of such document;
   c. the general nature or description of each such document, that is, whether it is a letter, memorandum, sound recording, drawing, etc., and the number of pages of which it consists;
   d. the name of the person who signed such document, and if it is not signed, the answer shall so state and give the name of the person or persons who prepared it;
   e. the name of the person to whom such document was addressed, and the name of each person, other than such addressee, to whom such document, or a copy thereof was given or sent;
   f. the general subject matter of such document; and
   g. the present location and depository or depositories and the name and address of the person or persons having custody of any item to be identified, unless the item is a public document.

2

7. "Document(s)" shall have the broadest meaning possible, and refers to all written and graphic matter of every kind and description, whether printed or produced by any process or by hand, whether final draft or reproduction, whether in the actual or constructive possession, custody, or control of the respondent to a given interrogatory, and whether physical, digital, or electronic, including any and all written letters, correspondence, memoranda, notes, statements, transcripts, files, charters, articles of incorporation, securities, bonds, stocks, certificates of deposit, contracts, agreements, licenses, memoranda or notes of telephone or personal conversations, audio recordings, video recordings, financial statements, checks, check stubs, written statements of witnesses or other persons having knowledge of relevant subject matter, and electronically stored information of every type and kind.

8. "Electronically Stored Information" or "ESI" shall have the broadest meaning possible, and refers to any and all electronic files, databases, software, hardware, emails, activity logs, and supporting information, including, but not limited to, active date, archived data, deleted data, legacy data, word-processed files, spreadsheets, databases, computer aided design (CAD) files, presentation data, slide shows, graphs, charts, data produced by project management software, animations, images, audio recordings, video recordings, audiovisual recordings, MP3 players and files, voicemail files, data generated by personal management software (*e.g.*, calendars and planners), mail logging data, routing data, hard drives, floppy disks, magnetic storage media, optical storage media, backup media, archived media, communication mediums, and internet activity logs, as well as any codebooks, keys, data dictionaries, diagrams, handbooks, or other supporting documents that aid in reading or interpreting the databases, electronic files, media, emails, hardware, software, or activity log information.

9. "Communicate" or "communication" when used in reference to a statement includes any oral or written conversation or publication.  For each communication, state the date, time, and location of the communication, and the individuals present during the communication.

10. "Meeting" means any coincidence of presence of the persons, whether such coincidence of presence was by chance, prearranged, formal, informal or in connection with some other activity.

11. "Regarding" or "relating to" shall have the broadest meaning possible and shall include "concerning," "referring to," "alluding to," "responding to," "relating to," "connected with," "commenting upon," "in respect of," "discussing," "about," "establishing," "analyzing," "criticizing," "touching upon," "constituting," and "being."

12. "Date" means the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

13. "Meeting" means any coincidence of presence of the persons, whether such coincidence of presence was by chance, prearranged, formal, informal or in connection with some other activity.

14. <u>Claims of Privilege and Objections:</u>  If any document or identification of any document, oral communication, or person is withheld under a claim of privilege, provide information sufficient to determine the identity of the document or oral communication and state the basis for any asserted claim of privilege.

15. <u>Knowledge of the Defendant:</u> Where knowledge of the Defendant is requested, knowledge includes knowledge available to or possessed by the agents, representatives, and/or attorney of said Defendant, unless privileged.

## **INTERROGATORIES.**

**INTERROGATORY NO. 1:** Identify each individual who has provided any information, has been consulted, or has participated in the preparation of answers to these Interrogatories, and identify the answers and/or responses to which each such individual contributed.

**INTERROGATORY NO. 2:** Identify all persons believed by you or your representatives to have knowledge relating to any of the facts, allegations, claims, or defenses alleged in the any of the pleadings in this case, setting forth in detail and with particularity the area of knowledge that each person identified possesses.

**INTERROGATORY NO. 3:** Identify all witnesses you intend to call at the trial of this matter, setting forth in detail and with particularity the subject matter on which the witness is expected to testify.

**INTERROGATORY NO. 4:** Identify by Bates number or otherwise, all documents you intend to offer into evidence in the trial of this matter.

**INTERROGATORY NO. 5:** State the name, address, age, employer, qualifications and field of expertise, including any specialties, for each expert whom you have retained or with whom you have consulted or intend to consult regarding the subject matter of this litigation.

**INTERROGATORY NO. 6:** Describe <u>in detail</u> all communications concerning the above-entitled action or its subject matter, whether by and between Plaintiff and Defendants or by and between Defendants and their employees, officers, directors, or agents on their behalf.

**INTERROGATORY NO. 7**: Please state the name, address, position and employer of the individual and role of each and every individual who reviewed, processed, analyzed, commented on, investigated, and/or determined the outcome of Plaintiff's religious exemption request from the COVID-19 vaccine on behalf of the Defendant at any time.

**INTERROGATORY NO. 8**: Of the individuals listed in response to Interrogatory #7, please list which individuals were involved in rendering the denial of Mr. Manick's religious exemption request.

4

**INTERROGATORY NO. 9**: Of the individuals listed in response to Interrogatory #7 and #8 above, please list which individuals were involved in the final decision to terminate Mr. Manick's employment.

**INTERROGATORY NO. 10**: Provide the number of Defendants' employees who requested religious exemptions from Defendants' COVID-19 vaccine mandate.

**INTERROGATORY NO. 11**: Provide the number of Defendants' employees who were granted a religious exemption from Defendants' COVID-19 vaccine mandate.

**INTERROGATORY NO. 12:** Provide the number of Defendants' employees who were denied a religious exemption from Defendants' COVID-19 vaccine mandate.

**INTERROGATORY NO. 13:**  Of the employees who were denied a religious exemption from Defendants' COVID-19 vaccine mandate, provide the reason(s) upon which the denial was based.

**INTERROGATORY NO. 14:**  Of the employees who were denied an exemption from Defendants' COVID-19 vaccine mandate, please identify how many of those employees were terminated from employment.

**INTERROGATORY NO. 15:** Identify and describe Defendants' Employment policy, related to their COVID-19 vaccine mandate as applied to employees of Defendants.

**INTERROGATORY NO. 16:** Describe fully and in detail your allegation that "Exemption requests were granted where a reasonable accommodation existed that did not create an undue hardship."

**INTERROGATORY NO. 17:** Explain how Defendant Bio Techne's COVID-19 vaccine mandate policy, applied to employees of Defendants.

**INTERROGATORY NO. 18**: Identify and describe fully and in detail what processes, if any, Defendants took to evaluate Plaintiff's religious exemption request from Defendants' COVID-19 vaccine mandate.

**INTERROGATORY NO. 19**: Describe in detail why Defendants denied Plaintiff's religious exemption request from Defendants' COVID-19 vaccine mandate.

**INTERROGATORY NO. 20:**  Describe the organizational structure of each of the Defendants in terms of the chain of command of authority over Plaintiff while he was employed by Defendants.

5

**INTERROGATORY NO. 21:** Describe the relationship between Defendant Bio Techne, Inc. and Defendant Research and Diagnostic Systems, Inc. related to the level of authority and control each Defendant has over the terms and conditions of Defendants' employees.

**INTERROGATORY NO. 22:** Describe in detail how Defendants viewed the physical space in which Plaintiff worked in order to determine any health or safety concerns in connection with Plaintiff's religious exemption request from Defendants' COVID-19 vaccine mandate.

**INTERROGATORY NO. 23:** Describe fully and in detail your allegation that "Defendants admit that R&D Systems denied Plaintiff's exemption request because of the undue hardships it would have created."

**INTERROGATORY NO. 24:** Describe any interactive process Defendants took part of with Plaintiff at any time in relation to Plaintiff's request for a religious exemption from Defendants' COVID-19 vaccine mandate.

**INTERROGATORY NO. 25:** If you allege that any reasonable accommodation for Plaintiff was not available because it would create an undue hardship upon the Defendants, describe fully and in detail how an undue hardship would result, and what cost or expense Defendants would have incurred in order to accommodate Plaintiff's religious beliefs.

These Interrogatories are continuing in nature, and it is specifically requested and demanded that all information coming to your attention subsequent to the completion of your Answers to these questions which is in any manner relevant to such questions, be promptly made available to Plaintiff's attorneys. You should take notice that Plaintiff will object at trial to the introduction of evidence regarding any matters inquired of in these Interrogatories which are not revealed in a timely manner.

The undersigned counsel has read the above discovery requests and certified that, to the best of his or her knowledge, information and belief, formed after reasonable inquiry, they meet the standards of Rule 26 of the Federal Rules of Civil Procedure.

6

|  |  |
|---|---|
| Dated: Sept. 11, 2023 | RIVER VALLEY LAW, P.A.<br><br>By: *[signature]*<br>Sarah R. Jewell (#0392268)<br>183 Seventh Ave. S.<br>Waite Park, MN 56387<br>Tel. (320) 497-7977<br>Fax (320) 640-2828<br>sjewell@rivervalleylaw.com<br>***Attorney for Plaintiff*** |