| | |
|---|---|
| Brian J. Manick, | Case No. 0:22-cv-03140-JWB-LIB |
| Plaintiff, | |
| v. | **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |
| Research and Diagnostic Systems, Inc., a/k/a R&D Systems, Inc. and Bio-Techne Corporation, | |
| Defendants. | |

## INTRODUCTION

Plaintiff Brian Manick ("Manick") was terminated in November 2021 for failing to comply with his employer's COVID-19 vaccine mandate after his request for an exemption was denied. This dispute is narrow. It asks whether Manick's employer, R&D Systems, Inc. ("R&D"), and/or its holding company, Bio-Techne Corporation ("Bio-Techne"), discriminated against Manick by denying his exemption request.

On the eve of the discovery deadline, Manick sent a deficiency letter to Defendants. Defendants responded the same day and directed Manick to where the requested information could be found in the document productions, agreed to remedy Manick's concern regarding a privilege log, and served supplemental disclosures. The remaining area of disagreement related to Manick's request for company-wide data on exemption requests which Defendants contend is not relevant. Unsatisfied, and without any further attempt to meet and confer, Manick filed this motion which includes nearly all of the issues from his initial deficiency letter, including the issues that were resolved by Defendants' response.

1

Defendants have complied with their obligation to provide all relevant and responsive information relating to Manick's claims and their defenses. Defendants also provided well-prepared corporate designees who spent hours answering questions by Manick's counsel. Manick's demand for additional discovery and for a second deposition of each defendant's corporate designee is not reasonable or proportional. And, tellingly, Manick fails to explain how the additional requested discovery is relevant. Manick fails to meet his burden under Rule 26, and his Motion must be denied.

## RELEVANT FACTUAL BACKGROUND

### A. Manick's Employment and Termination.

R&D employed Manick as a research associate from 2005 to 2021. (Compl., Dkt. 1, ¶¶ 8, 14-15.) In the fall of 2021, R&D implemented a mandatory vaccination policy in response to the COVID-19 pandemic. (*Id.* at ¶ 10.) The vaccination policy required all employees—including Manick—to become vaccinated against COVID-19 or receive an exemption from the policy. (*Id.*) Employees who failed to become vaccinated or receive an exemption were told that they would be terminated. (*Id.*)

Manick requested an exemption from the vaccine mandate based on his religious beliefs. (*Id.* at ¶¶ 12-13.) R&D evaluated his request and considered whether accommodation was possible. (Answer, Dkt. 6, ¶¶ 13-15.) Ultimately, R&D denied Manick's request. (Compl. ¶ 14.) On November 30, 2021, R&D terminated Manick and other unvaccinated employees who did not receive an exemption from the policy. (Answer ¶ 16.) For this, Manick brings a claim of religious discrimination under Title VII against

R&D and its holding company, Bio-Techne.[1] (Compl. ¶¶ 18-22.)

B.  **Procedural Posture.**

Despite filing his complaint in December 2022, Manick did not serve Defendants with written discovery until September 11, 2023—just six weeks before the close of discovery (on October 31). (Compl.; Pl. Mem. in Supp. of Mot. to Compel ("Pl. Mem."), Dkt. 39, at 1.) Defendants timely served their written responses on October 11, 2023. (Declaration of Sarah Jewell ("Jewell Decl."), Dkt. 40, Exs. A, B.) On October 25, Manick sent Defendants a multi-page deficiency letter demanding compliance by October 30, and indicating that a motion hearing was scheduled for November 14. (Jewell Ex. E.) Defendants responded the same day, served supplemental initial disclosures, and provided their availability to discuss any lingering concerns over the telephone. (Jewell Ex. F; Declaration of Janet Dorr ("Dorr Decl.") ¶ 3.) Manick's counsel never responded to Defendants' letter or invitation to further discuss over the phone, and instead filed this motion.

C.  **Privilege Log.**

Manick's October 25 letter was the first time he inquired into Defendants' privilege log. (Jewell Ex. E.) Defendants responded that they were not aware of any responsive documents that were withheld on the basis of privilege, but agreed to confirm. (Jewell Ex. F.) Defendants are in the process of addressing Manick's concern and will supplement their responses as requested.[2]

---

[1] Bio-Techne denies that it employed Manick. (Answer ¶ 7.)
[2] Because there is no dispute, Defendants will not further address this issue.

3

### D. Rule 30(b)(6) Testimony.

Manick elected to take each defendant's corporate deposition prior to serving discovery. (Dorr Decl. ¶ 2.) Both of the Rule 30(b)(6) Deposition Notices included 30 topics on which Manick expected Defendants to prepare their witnesses. Prior to the depositions, Defendants served objections to certain topics. (*See* Bio-Techne's Objections, Dorr Ex. 1; R&D's Objections, Dorr Ex. 2.)

Relevant to this Motion, Bio-Techne made clear that it did not employ Manick and did not have employees, and therefore it would not be able to testify regarding exemption requests for "employees." (Dorr Ex. 1.) R&D objected to providing company-wide data on exemption requests, and stated that its representative would only testify regarding religious exemption requests for employees who held the same job title and worked at the same location (Minneapolis) as Manick. (*See, e.g.* Dorr Ex. 2 at Topics 8, 14.) Both objected to topics requiring the witness to be knowledgeable on "all documents" or "all communications" on a particular topic—instead, they indicated that their witnesses would be prepared to testify regarding the documents exchanged in the case. (*See* Dorr Exs. 1, 2.)

Manick proceeded with the depositions despite the objections and without meeting and conferring on their scope. (*See* Deposition Transcript of Bio-Techne ("Bio-Techne Dep."), Jewell Ex. C; Deposition Transcript of R&D ("R&D Dep."), Jewell Ex. D.)

In his memorandum, Manick cites instances where Bio-Techne's counsel objected to questions that were outside the scope of the 30(b)(6) notice. (Pl. Mem. 2-3.) However, while Bio-Techne's counsel noted objections for the record, counsel only instructed the witness not to answer three questions during the deposition: two that asked the witness to

4

testify in her personal capacity or as R&D (whose deposition would occur the following day) (Bio-Techne Dep. 130:1-19, 131:13-23) and one that asked for company-wide exemption data (*id.* at 133:10-17).

During R&D's deposition, consistent with its written objections, R&D's counsel instructed its designee not to answer four questions relating to the number of exemption requests beyond Manick's work site. (R&D Dep. 18:20–19:11, 140:10–141:5, 166:18–167:4, 168:7-19.) The witness was also initially instructed not to answer a question related to a Bio-Techne webinar as outside the scope of the notice, but was permitted to answer all other questions on the webinar. (*Id.* at 13:18–15:4, 137:3–139:16, 141:7–150:15.)[3]

Both transcripts demonstrate that the designees were cooperative and answered Manick's questions to the best of their ability. While Defendants' counsel made objections for the record, counsel permitted the witness to answer the questions. (*See, e.g. id.* at 25:4-8, 181:7-14.) Both depositions ended upon Manick's counsel declaring there were no further questions (*See* Bio-Techne Dep. 165:19 (ending at 3:13 p.m.); R&D Dep. 203:24 (ending at 4:02 p.m.))

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) states:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

[3] Bio-Techne was deposed on the same webinar. (Bio-Techne Dep. 18:5–27:18.)

While courts generally construe Rule 26(b)(1) broadly, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), "discovery may not be had on matters irrelevant to the subject matter involved in the pending action." *Misc. Dkt. Matter #1 v. Misc. Dkt. Matter #2*, 197 F. 3d 922, 925 (8th Cir. 1999). "[T]he scope of discovery is intended to focus on the actual claims or defenses that are at issue[.]" *Gordon v. Sappi N. Am., Inc.*, 20-cv-1167 (PJS/LIB), 2021 WL 6763719, at *2 (D. Minn. Feb. 24, 2021). Therefore, the party seeking discovery must make a threshold showing of relevance before production is required. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). In addition, even if relevant, discovery is not permitted where no need is shown, compliance would be unduly burdensome, or the harm to the person from whom discovery is sought outweighs the need of the person seeking the information. *Misc. Dkt. #1*, 197 F.3d at 925.

## ARGUMENT

### I. DEFENDANTS COMPLIED WITH THEIR DISCOVERY OBLIGATIONS.

#### A. Defendants Provided All Relevant Information in Response to Manick's Interrogatories.

Manick identifies seven interrogatories for which he claims Defendants' responses are deficient. However, Defendants provided all requested information with the exception of company-wide exemption request data which is not relevant to the claims and defenses in this case. Defendants have complied with their obligations.

##### 1. Interrogatory No. 2: Identification of All Individuals with Knowledge of the Claims and Defenses.

Interrogatory No. 2 asks Defendants to identify all persons they believe have knowledge of the facts, allegations, claims, or defenses in this case. (Jewell Ex. A at 2-3.)

In response, Defendants identified all individuals with knowledge of Manick's claims and Defendants' defenses. (*Id.*) They also identified individuals involved Manick's exemption request during their corporate depositions. *See* Fed. R. Civ. P. 26(e)(1)(A) (providing that parties do not need to supplement discovery responses if the information was otherwise made known during the discovery process). To further ensure Manick had all requested information, Defendants supplemented their initial disclosures in response to Manick's October 25 letter. (Dorr Decl. ¶ 3.)

According to Manick, Defendants also should have identified "all person with whom Defendants have communicated with in regard to vaccinations." (Pl. Mem. 5 (quoted as written.)) But all communications regarding vaccinations is not relevant or proportional to this case. It would include, for example, communications with every single employee regarding their vaccination status or exemption request, communications regarding other vaccine requirements such as immunization against Hepatitis B, inquiries into the vaccination status of new hires, and discussions with customers and vendors. These communications have no bearing on Manick's claims and, tellingly, Manick does not make any attempt to explain how this information is relevant. On that basis alone his motion must be denied. *See Arbors Pharma., LLC v. ANI Pharma., Inc.*, No. 17-cv-4910 (DWF/LIB), 2019 WL 4897190, at *3 (D. Minn. May 25, 2019) ("The party seeking discovery is responsible for making the threshold showing of relevance before production of information is required."); *Gardner v. Duluth Pub. Sch. Acad.*, 19-cv-2314 (SRN/LIB), 2021 WL 6755014, at *15 (D. Minn. Feb. 12, 2021) (holding that discovery may not be had on matters irrelevant to the subject matter of the pending action). Defendants have

complied with their discovery obligations and identified all of the individuals with knowledge of the claims and defenses.

2. Interrogatory No. 6: Communications Regarding this Action.

Interrogatory No. 6 requests that Defendants identify all communications "concerning the above-entitled action or its subject matter." (Jewell Ex. A at 4.) Defendants directed Manick to their document production and responded that they produced all communications regarding Manick's employment and exemption request.

Defendants object, however, to Manick's demand for "all communications that relate in any way to … Defendants' vaccination policy." (Pl. Mem. 6.) This request is grossly overbroad and not relevant or proportional to this case. *Marco Techs., LLC v. Midkiff*, 19-cv-2323 (PJS/LIB), 2020 WL 13558312, at *8 (D. Minn. June 4, 2020) ("The threshold inquiry with regard to discovery issues is whether the moving party seeks discoverable material."). Like Interrogatory No. 2, it would require Defendants to identify every single communication relating to every employee's vaccination status or exemption request, every communication regarding the fact that a vaccination policy exists, and every communication determining whether to implement the policy. *McGinnis v. Soo Line R.R. Co.*, No. 12-795 (DSD/JJK), 2013 WL 1748710, at *2 (D. Minn. Apr. 23, 2013) (citing *WWP, Inc. v. Wounded Warriors Fam. Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011)) ("Even if a request for production seeks relevant information, however, it may nonetheless be denied if it is overbroad."). Manick does make any attempt to explain how this information is relevant, let alone proportional. Defendants have complied with their obligation and provided the information relevant to Manick's claim and their defenses.

8

### 3. Interrogatory Nos. 10, 11, and 12: Company-Wide Exemption Data.

These interrogatories ask Defendants to identify the number of employees who requested religious exemptions from the vaccine policy and, of those requests, how many were granted or denied. In response, R&D disclosed how many of its Minneapolis employees sought an exemption (where its headquarters is located and where Manick worked) and how many requests originating out of Minneapolis were granted or denied. (*Id.*) R&D further disclosed how many of those requests were from employees who held the research assistant job title like Manick. (*Id.*) Critically, none of the religious exemption requests sought by a research assistant were approved. (*Id.*)[4]

The number of exemption requests outside of Manick's work location is not relevant, and Manick does not make any attempt to explain how the number of religious exemption requests company-wide makes any claim or defense in this case more or less likely. *See Arbors Pharma.*, *supra*. These individuals are not, for example, comparators. *See Henne v. Great River Reg'l Library*, 19-cv-2758 (WMW/LIB), 2021 WL 6804537, at *9 (D. Minn. Aug. 12, 2021) (where plaintiff alleges she was discriminated against individually, the records of other employees "does little, if anything, to inform whether the stated reasons for Defendant's termination were pretextual").

Furthermore, Defendants suspect this request is an attempt to gather information to support a class action against Bio-Techne related to the vaccine policy that is currently

---

[4] Bio-Techne does not have employees and therefore has nothing to report. *See List v. Carwell*, No. 18-cv-2253 (DSD/TNL), 2020 WL 5988514, at *6 (D. Minn. Oct. 9, 2020) (a "party cannot be compelled to produce what it does not have.").

pending in this District. *See Shane, on behalf of himself and all others similarly situated v. Bio-Techne Corp.*, 22-cv-3039 (JWB-ECW). Such an attempt to circumvent the discovery rules for that case cannot be allowed. *See Oppenheimer Fund*, 437 U.S. at 353 n. 17 ("when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied.").

Manick's blanket claim that he is entitled to this information does not satisfy his obligation under Rule 26 to compel production of this data. Defendants have provided data regarding the religious exemption requests for Manick's work site, and he fails to establish anything further is relevant to this case.

### 4. Interrogatory No. 15: COVID-19 Employment Policy.

This interrogatory asks Defendants to identify their "Employment policy related to their COVID-19 vaccine mandate." (Jewell Ex. A.) At the time of their initial response, Defendants were not sure what Manick meant by "Employment policy" and requested that Manick clarify what information he sought. In Manick's October 25 letter, he indicated he was looking for "timelines for when an employee must be vaccinated by, what proof they would need to provide, the reasons for implementing the mandate, and the consequences for not complying." (Jewell Ex. E.)

With that clarification, Defendants responded by identifying the specific bates range where that information could be found, and noted that this information was also provided in the Rule 30(b)(6) testimony. *See* Fed. R. Civ. P. 33(d)(1) (permitting a party to respond to an interrogatory by specifying in sufficient detail the records that must be reviewed to determine the answer). The identified documents provide every piece of information

included in Manick's list, including when the employees were required to become vaccinated (November 1, 2021), the proof required (a vaccination card), the reasons for the mandate (employees returning to site and the announcement of a federal government vaccine mandate), and the consequences for not complying (termination). Defendants have provided all requested information.

        5.        Interrogatory No. 22: Assessment of Manick's Work Site.

Interrogatory No. 22 asks Defendants to describe how they "viewed the physical space in which Plaintiff worked in order to determine any health or safety concerns in connection with Plaintiff's religious exemption request[.]" (Jewell Ex. A at 14.) Defendants stated that R&D consulted with Manick's manager who was familiar with the physical space, and that the individuals in human resources and its general counsel were generally familiar with the lab. (*Id.*)

In his Motion, Manick claims that this Interrogatory also required Defendants to identify "how the physical space of Plaintiff's work space was a concern for any health or safety concerns as it related to Plaintiff's religious exemption request." (Pl. Mem. 8.) While that is not how Defendants read the interrogatory, R&D's corporate designee provided all of this this information, including identifying the individuals who evaluated Manick's exemption request, the additional individuals with whom they consulted, and what they considered when evaluating his work space, such as the space between employees, the number of shared spaces, the shared equipment, and the time spent with other employees. (R&D Dep. 19:13–22:16.) Defendants do not possess additional responsive information.

### B. Manick Fails to Establish Good Cause to Take a Second Deposition of Each Defendant.

Finally, Manick asks that the Court order each defendant's corporate representative "to a deposition before the Court" to answer questions on seven topics.[5]

Rule 30 requires a party to obtain leave of court to obtain a second deposition of a deponent. Fed. R. Civ. P. 30(a)(2)(A)(ii). "The availability of a second deposition is left to the discretion of the trial court." *Marco Techs., LLC v. Midkiff*, 19-cv-2323 (PJS/LIB), 2020 WL 12442102, at *9 (D. Minn. Dec. 7, 2020), aff'd, 2021 WL 62471 (D. Minn. Jan. 7, 2021). When a deposition has been completed, "additional deposition is disfavored." *EEOC v. Prod. Fabricators, Inc.*, 285 F.R.D. 418, 422 (D. Minn. 2012) (Brisbois, M.J.).

Manick claims second depositions of each defendant are warranted because Defendants "contend that they are unable to – and refuse to – answer basic questions that are relevant to the subject of this litigation." (Pl. Mem. 9.) Defendants are not sure what Manick means by the witnesses being "unable to" answer certain questions. Manick has not identified any questions that R&D was "unable to" answer. For Bio-Techne, the only testimony cited by Manick on this point relates to questions regarding what years Bio-Techne joined the S&P 500 and exceeded $1 billion in annual sales—topics that were not included in the deposition notice. (*See* Dorr Ex. 1.) Setting aside the fact that this

---

[5] Defendants are separate legal entities and therefore this request must be evaluated as seeking a second deposition of each defendant. Additionally, in the letter that comprises Manick's meet and confer attempt, Manick only raised concerns regarding R&D's testimony. (*See* Jewell Ex. E at 4.) Manick now appears to also seek a second deposition of Bio-Techne. Bio-Techne maintains the Court should not consider this portion of Manick's motion.

information is publicly accessible, Bio-Techne cannot be penalized for being unable to answer questions there were not in the notice. At both depositions, the witness was prepared to answer questions within the bounds of the notice and was permitted to (and did) answer questions beyond those topics to the best of her ability.

Manick also claims Defendants "refused" to "answer basic questions" that he claims are relevant to this case. But such an assertion is belied by even a cursory review of the testimony. The only overarching topic on which counsel instructed the deponents not to respond was in response to questions for company-wide statistics on exemption requests. Prior to the deposition, Defendants made clear they would not provide testimony on this topic, yet Manick proceeded anyway. *See Prod. Fabricators*, 285 F.R.D. at 423 (denying request for further deposition where party elected to proceed with a deposition in spite of an ongoing discovery dispute "knowing full well that the eventual production of such documents might produce new information that Defendants might wish to ask [the deponent] about."). Manick fails to provide any support for his blanket claim that this information is relevant. *See Gardner*, 2021 WL 6755014, at *14 ("Depositions conducted pursuant to Rule 30 are required to comply with the relevancy requirements of Rule 26").

Outside of company-wide data on exemption requests, Manick had the opportunity to inquire into the remaining topics he now claims require further exploration. For example, he already had the opportunity to inquire into webinars (*see, e.g.* Bio-Techne Dep. 18:5–27:18, 112:12-25; R&D Dep. 137:3–139:16, 141:7–150:15) and into the forms, policies, and notifications related to the vaccine policy (*see, e.g.* Bio-Techne Dep. 21:6–27:18; R&D Dep. 15:6–18:2, 125:17–132:8). To the extent any information remained unexplored after

hours of testimony, that is solely a result of strategic decisions made by Manick's counsel. *See Marco*, 2020 WL 12442102, at *9 (finding that counsel's choice not to ask certain questions does not create good cause to justify a second deposition). Moreover, Manick served written discovery *after* the depositions and could have inquired into any unresolved topics. Manick fails to provide any specific explanation of why additional questioning is required on the topics raised in his brief. *See Gardner*, 2021 WL 6755014, at *14 (denying motion to convene a second deposition where "Defendant has failed to offer any specific argument as to the relevancy of the questions Plaintiff refused to answer.").

Manick fails to establish the necessity of conducting second depositions of each defendant, particularly under court supervision. His motion on this point must be denied.

## CONCLUSION

Defendants' responses to Manick's discovery were thorough and proportional, and their corporate representatives were prepared to provide testimony in response to Manick's questions. They have provided all requested information other than company-wide exemption data, which is not relevant or proportional to Manick's claims or Defendants' defenses. For all the reasons described herein, Defendants respectfully request the Court deny Manick's Motion to Compel in its entirety.

Date: November 7, 2023

*s/Janet M. Dorr*
Ashley R. Thronson (#0395947)
Janet M. Dorr (#0393311)
Teresa M. Thompson (#0248940)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: 612.492.7000
athronson@fredlaw.com

14

jolawsky@fredlaw.com
tthompson@fredlaw.com

***Attorneys for Defendants***