UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Brian J. Manick,

       Plaintiff,

v.

Research and Diagnostic Systems, Inc. a/k/a
R&D Systems, Inc., and Bio-Techne
Corporation,

       Defendants.

Case No. 22-cv-3140 (JWB/LIB)

**ORDER**

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636 and upon Plaintiff's Motion to Compel Discovery. [Docket No. 41].

At the hearing on November 14, 2023, parties were instructed to Meet and Confer and provide the results of said Meet and Confer by a joint letter to the Court advising which issues remained to be decided. (Id.). Following the hearing, Plaintiff's Motion to Compel Discovery, [Docket No. 41], was held in abeyance until December 6, 2023, pending the submission of the letter regarding the results of the Court order meet and confer. [Docket No. 54]. The Parties submitted the required joint letter, [Docket No. 57], on December 5, 2023, and they submitted an additional letter, [Docket No. 61], on December 15, 2023.[1]

---

[1] The parties' joint letters to the Court, [Docket No. 57], advised the Court that after the parties met and conferred, only three issues remained for the Court to decide: (1) both corporate Defendants' answers to Plaintiff's Interrogatories, (2) Plaintiff's request for a privilege log based on any documents withheld by Defendants, and (3) the instructions not to answer some questions during the 30(b)(6) depositions of both Defendants.

For the reasons discussed below, Plaintiff's Motion to Compel Discovery, [Docket No. 41], is **GRANTED** in part and **DENIED** in part.[2]

## I.      BACKGROUND AND RELEVANT FACTS

The dispute underlying the present case arises out of a wrongful termination action between Plaintiff, Brian J. Manick, and Defendants, R&D Systems, Inc., and Bio-Techne Corporation. (See Compl. [Docket No. 2]).

In 2005, Plaintiff was hired as a full-time Research Associate by R&D Systems, Inc. (Id. at ¶ 8). Over the course of 16 years, Plaintiff worked his way up to the position of Senior Research Associate. (Id. at ¶ 9).

In the fall of 2021, R&D Systems, Inc., along with their parent company co-defendant Bio-Techne Corporation, implemented a new policy mandating that all of their United States employees must receive a COVID-19 vaccine. (Id. at ¶ 10). Defendants allegedly allowed certain exemptions and provided a form for employees to complete if they wished to request such an exemption from Defendants' vaccine mandate. (Id. at ¶ 11). Plaintiff completed such an exemption form and gave it to Defendants' human resource department as required. (Id. at ¶ 12).  However, Plaintiff alleges that rather than engaging in an interactive process with Plaintiff to arrive at a reasonable accommodation, Defendants denied Plaintiff's exemption request and later terminated Plaintiff's employment. (Id. at ¶¶ 14-15).

Plaintiff asserts that Defendants violated Title VII of the Civil Rights Act of 1964 by terminating Plaintiff's employment based on his request for a religious accommodation arising out

---

[2] The present Order references portions of some of the documents the Parties have filed under temporary seal; the Court finds that none of the references contained within the present Order warrant sealing the present Order. Therefore, the present Order will not be issued under seal.

of Defendant's policy mandating that all of its employees in the United States receive the COVID-19 vaccine. (Id. at ¶¶ 18).

During the course of the litigation, Plaintiff served written discovery on each Defendant (Bio-Techne Corporation and R&D Systems, Inc.) and noticed corporate representative depositions of each Defendant pursuant to Federal Rule of Civil Procedure Rule 30(b)(6).

A 30(b)(6) deposition of Jennifer Scott as the designated corporate representative of Bio-Techne Corporation took place on September 6, 2023. [Docket No. 40-30]. And, a separate 30(b)(6) deposition of Jennifer Scott as the corporate representative of R&D Systems, Inc., took place on September 7, 2023. [Docket No. 55].[3] During each of the 30(b)(6) depositions, Ms. Scott was instructed by defense counsel multiple times not to answer Plaintiff's counsel's questions.

On September 11, 2023, Plaintiff served each corporate Defendant with Interrogatories and Requests for the Production of Documents, which included a request for a privilege log. (Plf.'s Memo. [Docket No. 39]). Defendants provided their initial Answers to the Interrogatories and Responses to the Requests for the Production of Documents on October 11, 2023. (See generally Jewell Decl. [Docket No. 40-1]; Jewell Decl. [Docket No. 40-2]).

On October 25, 2023, Plaintiff's counsel emailed Defendants' counsel regarding perceived deficiencies in both Defendants' discovery responses. (Jewell Decl. [Docket No. 40-5]). Defendants' counsel responded to Plaintiff's counsel's email, (Jewell Decl. [Docket No. 40-6]), and subsequently, Plaintiff filed his present Motion to Compel Discovery. [Docket No. 41].

---

[3] The two corporate defendants, Bio-Techne Corporation and R&D Systems, Inc., have consolidated many of their obligations in this litigation. For example, both defendants chose to use the same corporate representative in the 30(b)(6) depositions and elected to file their answers to interrogatories in a single document. Both Bio-Techne Corporation and R&D Systems, Inc. are represented by the same counsel. However, for the Court's analysis of the issues, the matters before the Court must be separated based on whether the defendant in question is Bio-Techne Corporation or R&D Systems, Inc.

## II. PLAINTIFF'S MOTION TO COMPEL DISCOVERY. [Docket No. 41].

The only issues from Plaintiff's Motion to Compel Discovery, [Docket No. 41], which remain are those addressed in the parties' joint meet and confer letters provided at the Court's direction. [Docket Nos. 57, 61]. Specifically, the December 5, 2023, letter describes the issues remaining with respect to the interrogatories and requests for the production of documents. (Joint Letter [Docket No.57]). The second letter informs the Court of what issues remain in relation to the portions of the two 30(b)(6) depositions in dispute. (Letter [Docket No. 61]).

Plaintiff served Interrogatory requests on both R&D Systems, Inc., and its co-defendant Bio-Techne Corporation. (Interrogatories [Docket No. 36]). It appears that the same document was served on both corporate Defendants.[4] The corporate Defendants filed a single document containing their joint answers. (Jewell Decl. [Docket No. 40-1]). Defendants delineated their respective corporation's responses when the two were different; however, the remainder of the responses were answered jointly. Plaintiff now seeks an Order from this Court, compelling Defendants to provide supplemental responses to several interrogatories (Joint Letter [Docket No. 57]). From Defendant R&D Systems, Inc., Plaintiff seeks an amended response to Interrogatory Nos. 2, 6, 15, and 22. From Defendant Bio-Techne Corporation, Plaintiff seeks an amended response to Interrogatory Nos. 2, 6, 10, 11, 12, and 22.[5] The Court will divide up its analysis of the interrogatories at issue with individual sections devoted to each interrogatory, and, within each section, the Court will analyze the issue with respect to each corporate Defendant separately rather than jointly.

---

[4] Despite both corporate Defendants receiving the same Interrogatory request document, some of the individual questions appear to be directed at only a single corporate Defendant, while others appear to be directed at both corporate Defendants. (See, e.g., Interrogatories [Docket No. 36] Interrogatory Nos. 11, 17).

[5] As for Interrogatory No. 15, Plaintiff only argues that R&D Systems, Inc. has failed to identify and describe its "Employment policy." (Joint Letter [Docket No. 57] at p. 3-4). As for Interrogatory Nos 10, 11, and 12, Plaintiff appears to concede that the statistical information that R&D Systems, Inc. provided is adequate.

Plaintiff next seeks an Order from this Court ordering each of the two corporate Defendants to produce a Privilege Log based on any Rule 34 responsive documents that may have been withheld by Defendants. (Joint Letter [Docket No. 57]).

Lastly, Plaintiff requests the Court to compel Jennifer Scott, the separately designated 30(b)(6) corporate representative of each Defendant, to answer the questions which Defendants' counsel instructed her not to answer during the two separate 30(b)(6) depositions. (Join Letter [Docket No. 57]; Letter [Docket No. 61]). For the Deposition of Defendant Bio-Techne Corporation, there is a single deposition question posed, Deposition Question 3, which remains unanswered. (Letter [Docket No. 61]). For Defendant R&D Systems, Inc., there are four (4) remaining deposition questions (Deposition Questions 6, 8, 9, and 10) that have yet to be answered. (Id.).[6] The Court will analyze these disputed questions individually.

## A. Standard of Review

The Federal Rules of Civil Procedure permit "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Courts have broad discretion to decide discovery motions. Pavlik v. Cargill, Inc., 9 F.3d 710, 714 (8th Cir. 1993). Federal Rule of Civil Procedure 26(b)(1) states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

[6] In addition, Plaintiff requests an Order from the Court requiring Defendants to pay Plaintiff's costs and reasonable attorney's fees that Plaintiff incurred in having to bring this motion, and for such other and further relief as this Court may deem just and equitable in its discretion. (Plaintiff's Motion to Compel Discovery, [Docket No. 41]). This request for an award of fees and costs is **DENIED**.

However, "discovery may not be had on matters irrelevant to the subject matter involved in the pending action." Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2, 197 F.3d 922, 925 (8th Cir. 1999); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978); see also, Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992) (Rule 26 "is liberal in scope and interpretation, extending to those matters which are relevant").

The required threshold showing of relevance "is met if the information sought is 'relevant to the subject matter involved in the pending action.'" Orduno v. Pietrzak, No. 14-cv-1393 (ADM/JSM), 2016 U.S. Dist. LEXIS 138492, 2016 WL 5853723, *3 (D. Minn. Oct. 5, 2016) (quoting Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn., 187 F.R.D. 578, 579 (D. Minn. 1999)).[7] The party seeking discovery is responsible for making the threshold showing of relevance before the production of information is required. See Hofer, 981 F.3d at 380. If that threshold showing is made, the party resisting production then bears the burden of establishing a lack of relevancy or undue burden. See Mallak v. Aitkin Cty., No. 13-cv-2119 (DWF/LIB), 2016 U.S. Dist. LEXIS 191858, 2016 WL 9088760 *5 (D. Minn. Dec. 22, 2016). In addition, "even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2, 197 F.3d 922, 925 (8th Cir. 1999) (quoting Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1323 (Fed. Cir. 1990) (emphasis omitted)).

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Federal Rule of Civil Procedure 37(a)(3) provides for various motions to compel disclosure or compel discovery depending on the

---

[7] It is not necessary that the discovery information sought also be admissible at trial under Federal Rule of Evidence 402.

nature of the failure by the other party. Specifically, the Court may compel a discovery response if "a party fails to answer an interrogatory submitted under Rule 33," or if "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

### B. Findings of General Applicability

As an initial matter, the Court notes that in response to several of the discovery requests now at issue, Defendants included several mere boilerplate objections. For example, in response to the written Interrogatories, Defendants generically asserted the discovery requests are "vague," "overly broad," or "burdensome" without further explanation as to how the raised objection is applicable to any specific discovery requests. Defendants further generically asserted that the discovery requests seek information that is protected by the attorney-client privilege and work product doctrine again without providing any explanation as to how those mere boilerplate objections are specifically applicable to any specific discovery request.

"Routine, '[b]oilerplate objections, without more specific explanations for any refusal to provide information, are not consistent with the Federal Rules of Civil Procedure.'" In re: RFC & ResCap Liquidating Trust Litig., No. 13-cv-3451 (SRN/JJK/HB), 2015 U.S. Dist. LEXIS 73694, 2015 WL 12778780, at *6 (D. Minn. June 8, 2015) (citation omitted); see Farmers Ins. Exchange v. West, No. 11-cv-2297 (PAM/JJK), 2012 U.S. Dist. LEXIS 200518, 2012 WL 12864845, at *10 (D. Minn. Sept. 21, 2012) ("Conclusory objections asserting the boilerplate response that a request is overly broad and burdensome are not valid objections"). Parties are not permitted to refuse to respond to a discovery request based solely on routine, boilerplate objections without providing any context or discussions as to the applicability of the asserted objection. See Notes on 2015 Amendments to Rule 26.

Accordingly, to the extent Defendants raised a merely boilerplate objection in any of their responses and failed to raise any specific argument in support of such objection in the present motion practice, the Court will neither address nor attach any significance to those boilerplate objections.

In addition, Defendant Bio-Techne Corporation raised multiple additional generic objections on the ground that it claims it does not have any employees. However, on Bio-Techne Corporation's latest current 8-K report formally submitted to the Securities and Exchange Commission on October 19, 2023, Bio-Techne claims multiple times that it has approximately 3,200 employees. See, Bio-Techne Corporation, Current Report (Form 8-K) (October 26, 2023). Further, Defendant Bio-Techne Corporation references their employees multiple times in its most recent Quarterly Report also submitted to the Securities and Exchange Commission. See, Bio-Techne Corporation, Quarterly Report (Form 10-Q) (Nov. 7, 2023).[8] Accordingly, this Court gives no credence to this generic objection here as Bio-Techne has repeatedly made formal representations to the contrary to both the U.S. Government and to the public.

### C. Analysis of Interrogatories

Plaintiff seeks an Order from this Court, compelling Defendants to provide responses to Interrogatory Nos. 2, 6, 10, 11, 12, 15, and 22. (Joint Letter [Docket No. 57]).

#### i. Interrogatory No. 2

Plaintiff's Interrogatory No. 2, as well as, Defendants' joint response thereto, are as follows:

**Interrogatory No. 2:** Identify all persons believed by you or your representatives to have knowledge relating to any of the facts, allegations, claims, or defenses

---

[8] It appears that Bio-Techne Corporation construes "employees" too narrowly here. A corporation is a legal fiction that can function only through the actions and conduct of human beings. For purposes of Rule 26(b)(1), any persons empowered or authorized to act for and on behalf of Bio-Techne Corporation's obligations and interests would seem to fall within this category of discovery regardless of which corporate entity issues a paycheck.

alleged in the [sic] any of the pleadings in this case, setting forth in detail and with particularity the area of knowledge that each person identified possesses.

**ANSWER:** Defendants object to this Interrogatory as overly broad and unduly burdensome, as they do not—and cannot—know everything individuals may know. Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these and their General Objections, Defendants state: individuals believed to have knowledge are identified in Defendants' initial disclosures and/or were otherwise disclosed through the testimony of Defendants' 30(b)(6) corporate representatives.

([Docket No. 40-1] at p. 2-3).

During the parties' meet and confer, discussing Interrogatory No. 2, Defendants took the following position:

Defendants take the position that they provided all of the information requested by the Interrogatory, and agreed during the meet and confer process to supplement their written response to identify all individuals with knowledge of Manick's exemption request (rather than asking Manick to cross-reference initial disclosures and testimony). Defendants will not agree to identify "all person [sic] with whom Defendants have communicated with in regard to vaccinations." Defendants contend that this request is overbroad for the reasons argued in Defendants' memorandum, and that Plaintiff is now asking for broader information than what is requested in the interrogatory.

(Joint Letter [Docket No. 57] at p. 2). Plaintiff contends that both Defendants have not yet given a full response to his Interrogatory.

### a. Analysis with respect to R&D Systems, Inc.

The Court agrees with Defendant R&D Systems, Inc., insofar as it argues that Plaintiff's Interrogatory No. 2 requests some information that is not relevant to the claims or defenses in the present case. See Arbors Pharma., LLC v. ANI Pharma., Inc., No. 17-cv-4910 (DWF/LIB), 2019 WL 4897190, at *3 (D. Minn. May 25, 2019) ("The party seeking discovery is responsible for making the threshold showing of relevance before production of information is required."); Gardner v. Duluth Pub. Sch. Acad., 19-cv-2314 (SRN/LIB), 2021 WL 6755014, at *15 (D. Minn.

Feb. 12, 2021) (holding that discovery may not be had on matters irrelevant to the subject matter of the pending action).

Plaintiff's request as drafted implicates not only COVID-19 vaccinations, but also potentially other vaccine requirements. Plaintiff has not made a showing of how information concerning vaccine requirements outside of the COVID-19 vaccination policy at issue in this case is relevant.

Moreover, Plaintiff, as part of the Court mandated supplemental meet and confer, now requests that Defendants also identify "all person [sic] with whom Defendants have communicated with in regard to vaccinations." (Joint Letter [Docket No. 57] at p. 2). This is a broader request separate from the scope of information sought by the text of Interrogatory No. 2. The Court rejects this revised position of Plaintiff on the grounds that it is not what was asked for in the original Interrogatory. Cf. Bores v. Domino's Pizza, LLC, No. 05-2498 (RHK/JSM), 2007 U.S. Dist. LEXIS 106868, 2007 WL 9735903, at *9 n.6 (D. Minn. Jan. 25, 2007) ("[T]his Court will not allow plaintiffs to expand their initial motion to compel through a reply memorandum."); Strio Consulting, Inc. v. Rocketpower, Inc., No. 19-cv-1048, 2020 U.S. Dist. LEXIS 262911, 2020 WL 13048688, at *20 (D. Minn. June 29, 2020) (refusing to adopt plaintiff's revised and expanded discovery requests and interrogatories).

Therefore, insofar as Plaintiff's request seeks information concerning persons believed to have knowledge relating to the present matter, information concerning the creation, distribution, implementation, and application of the COVID-19 vaccination policy at issue is relevant. Thus, Defendant R&D Systems, Inc. shall be required to provide Plaintiff with such supplemental information to the extent it has not already been produced.

Accordingly, the Court **GRANTS** in part and **DENIES** in part Plaintiff's request to compel R&D Systems, Inc. to provide a supplemental response to Interrogatory No. 2.

**b. Analysis with respect to Bio-Techne Corporation**

The Court also agrees with Bio-Techne Corporation's assertion that Plaintiff through Interrogatory No. 2, and following the supplemental meet and confer, requests some potential information which is not relevant to the claims or defenses in the present case for the same reasoning as above. Plaintiff's request implicates not only the COVID-19 vaccination policy at issue, but potentially other vaccine requirements and Plaintiff has not made a showing of how information concerning vaccine requirements outside of the COVID-19 policy at issue in this case is relevant.

However, as explained above, insofar that Plaintiff's request seeks supplemental information concerning persons believed to have knowledge relating to the present matter, including information concerning the creation, distribution, implementation, and application of the COVID-19 vaccination policy at issue, such information is relevant. Thus, Bio-Techne Corporation shall be required to provide Plaintiff with such supplemental information to the extent it has not already been produced.

Accordingly, the Court **GRANTS** in part and **DENIES** in part Plaintiff's request to compel Bio-Techne Corporation to provide a supplemental response to Interrogatory No. 2 as set forth above.

### ii. Interrogatory No. 6

Plaintiff's Interrogatory No. 6, as well as, Defendants' joint response thereto, are as follows:

**INTERROGATORY NO. 6:** Describe in detail all communications concerning the above entitled action or its subject matter, whether by and between Plaintiff and

Defendants or by and between Defendants and their employees, officers, directors, or agents on their behalf.

**ANSWER:** Defendants object to this Interrogatory as overly broad, unduly burdensome, compound, and seeking documents that are not relevant to any party's claim or defense and not proportional to the needs of the case. Bio-Techne objects on the grounds that it does not have employees. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client, work product, or any other applicable privilege and to the extent it seeks confidential personnel and medical data of non-parties. Further, as written, this Request seeks all documents that relate in any way to any matter referenced in this litigation, including COVID-19 and the pandemic generally, without limitation, and is therefore overbroad. This Interrogatory is also overly burdensome to the extent it asks Defendants to describe information that can be obtained through the review of documents directly, including documents requested in Plaintiff's Requests for Production.
Subject to and without waiving these and their General Objections, Defendants state that they have produced responsive, non-privileged documents regarding Plaintiff's employment and his request for an exemption from the vaccine policy, and the documents contain the requested information. Defendants invite Plaintiff to meet and confer to the extent Plaintiff seeks additional information.

([Docket No. 40-1] at p. 4-5).

During the parties' Court directed supplemental meet and confer, discussing Interrogatory

No. 6, Defendants provided the following representation:

During the meet and confer process, Defendants agreed to supplement their response to identify the Bates numbers of communications regarding Manick's employment and exemption request.[9] Defendants object, however, to producing "all communications that relate in any way to … Defendants' vaccination policy." Defendants contend that Manick's request for all communications that relate in any way to the vaccination policy would encompass tens of thousands of documents and would include information unrelated to Manick's claims and their defenses, as argued in their memorandum of law.

---

[9] The Court notes that simply referring the interrogating party generally to large numbers of documents does not satisfy a party's obligations under Rule 33(d). See Schwendimann v. Arkwright Advanced Coating, Inc., No. 11-cv-820 (ADM/JSM), 2015 U.S. Dist. LEXIS 192154, 2015 WL 12781248, *5 (D. Minn. Oct. 14, 2015). Rather, "'[r]eferring to business records en masse, without specifying particular documents is an "abuse of the option [provided by Rule 33(d)]."'" Id. (citations omitted). "'To answer an interrogatory, a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived.'" Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc., No. 9-cv-1091 (JNE/JSM), 2012 U.S. Dist. LEXIS 195781, 2012 WL 12894846, *10 (D. Minn. May 11, 2012) (citation omitted); see, also, Pulsecard, Inc. v. Discover Card Servs., 168 F.R.D. 295, 305 (D. Kan. 1996) (". . . [parties] may not simply refer generically to past or future production of documents. They must identify in their answers to the interrogatories specifically which documents contain the answer. Otherwise, they must completely answer the interrogatories without referring to the documents.").

(Joint Letter [Docket No. 57] at p. 2-3).

Plaintiff contends that since the parties are working within the broad scope of discovery, he would be entitled to all such information on vaccination policy. Plaintiff further contends that Defendants' 30(b)(6) deponent, Jennifer Scott, alluded to most of the information involving the Defendants' policy being stored in the online "Paycom" system, and thus, Plaintiff contends it would be easily accessible to the Defendants.

### a. Analysis with respect to R&D Systems, Inc.

As an initial matter, the Court finds R&D Systems, Inc.'s answer to be primarily comprised of boilerplate objections. The Court will not address these as stated previously in this Order.

The Court does believe that requiring R&D Systems, Inc. to produce all communications that relate to the any vaccination policy would require the production of a voluminous amount of discovery; however, Defendant R&D Systems, Inc. would <u>not</u> be required to describe <u>every</u> communication relating to any vaccination policy, but rather, as the present litigation is only about R&D Systems, Inc.'s COVID-19 vaccination policy as to how it was developed and applied in this case, the litigation (and Interrogatory No. 6) contemplates the far narrower issues concerning the COVID-19 vaccination policy as it pertains to religious exemption requests and the Plaintiff's attempt to obtain such an exemption.

This leaves only R&D Systems, Inc.'s assertion that they have produced everything that is <u>not</u> privileged. To the extent they have produced everything, the Court cannot compel them to produce any more than they possess. <u>Bombardier Recreational Prods., Inc. v. Arctic Cat, Inc.</u>, No. 12-CV-2706 MJD/LIB, 2014 U.S. Dist. LEXIS 157957, 2014 WL 5685463, at *23 (D. Minn. Sept. 24, 2014); <u>Nye v. Hartford Acc. & Indem. Co.</u>, No. 12-cv-5028-JLV, 2013 U.S. Dist. LEXIS 85299, 2013 WL 3107492, at *35 (D.S.D. June 18, 2013) ("[A] court cannot order the defendant

to produce what it does not possess"). However, Defendant, R&D Systems, Inc., shall supplement its response to the extent it possesses responsive information that has not already been produced.[10]

In addition, the Court notes that under Federal Rule of Civil Procedure 26(b)(5)(A)(ii), a party claiming that materials are not discoverable due to privilege must describe the nature of the items on which a privilege is claimed such that the other parties and the Court may assess the claim. Typically, such a showing is made by production of a privilege log. "Although '[t]here is no 'privilege log' rule . . . the privilege log is a convention of modern legal practice." BreathableBaby, LLC v. Crown Crafts, Inc., No. 12-cv-94 (PJS/TNL), 2013 U.S. Dist. LEXIS 95508, at *23 (D. Minn. May 31, 2013) (quoting Bartholomew v. Avalon Capital Group, Inc., 278 F.R.D. 441, 447 (D. Minn. 2011), aff'd 2013 U.S. Dist. LEXIS 91930 (D. Minn. July 1, 2013)). R&D Systems, Inc. has not yet produced such a privilege log; and it must do so to the extent any responsive information is being withheld on the basis of the attorney-client privilege or work-product doctrine.

The Court rejects Plaintiff's argument that he is entitled to further information which goes beyond his own interrogatory request. Cf. Bores, No. 05-2498 (RHK/JSM), 2007 U.S. Dist. LEXIS 106868, at *9 n.6 ("[T]his Court will not allow plaintiffs to expand their initial motion to compel through a reply memorandum."); Strio, No. 19-cv-1048, 2020 U.S. Dist. LEXIS 262911, at *20 (refusing to adopt plaintiff's revised and expanded discovery requests and interrogatories. However, because Plaintiff is alleging that R&D Systems, Inc. improperly denied Plaintiff's COVID-19 religious exemption request, any non-privileged information (if any exists) concerning R&D Systems, Inc.'s COVID-19 vaccination policy and its response to Plaintiff's COVID-19

---

[10] See also, FN 9 supra.

14

vaccine exemption request is both relevant and proportional. (Compl. [Docket No. 2] at ¶¶ 5, 10-15).[11]

Accordingly, the Court **GRANTS** in part and **DENIES** in part Plaintiff's request for an Order compelling R&D Systems, Inc. to provide a supplemental response to Interrogatory No. 6 as set forth above.

### b. Analysis with respect to Bio-Techne Corporation

As for Bio-Techne Corporation, the Court finds its answer to Interrogatory No. 6 to also be primarily comprised of boilerplate objections. The Court will not address these as stated previously in this Order.

For the same reasons as stated above, Bio-Techne Corporation shall supplement its Answer to Interrogatory No. 6 to the extent additional information exists on Plaintiffs request for communications pertaining to religious exemption requests concerning the creation, distribution, implementation, and application of the COVID-19 vaccination policy at issue in this case. The scope of such information would likely be a far-cry less than all communications that relate in any way to any vaccination policy as Bio-Techne Corporation asserts. (Joint Letter [Docket No. 57] at p. 2-3).

As for any claims by Bio-Techne Corporation that responsive information has not been produced because of the attorney-client privilege or the work-product doctrine, the Court again notes that under Federal Rule of Civil Procedure 26(b)(5)(A)(ii), a party claiming that materials need not be disclosed due to privilege must describe the nature of the items for which privilege is

---

[11] In addition, this includes any instructions or communications R&D had with individuals empowered or authorized to act on behalf of co-Defendant Bio-Techne Corporation regarding how such COVID-19 employee exemption policy requests would be treated.

claimed such that the other parties and the Court may assess the claim.[12] Bio-Techne Corporation

has not yet produced such a description through a privilege log; and it must do so to the extent any

responsive information is being withheld or on the basis of privilege.

As explained above, the Court again rejects Plaintiff's argument that he is entitled to further

information which goes beyond the plain language of his own interrogatory request. Specifically,

the Court rejects Plaintiff's assertion that the interrogatory requires Defendants to identify any

communications about any vaccination policy in general or relating to other employees' exemption

requests thereunder.

However, because Plaintiff is alleging that Bio-Techne Corporation improperly denied

Plaintiff's COVID-19 religious exemption request, any non-privileged information (if any exists)

concerning Bio-Techne Corporation COVID-19 vaccination policy and its response to Plaintiff's

COVID-19 vaccine exemption request is both relevant and proportional. (Compl. [Docket No. 2]

at ¶¶ 5, 10-15).[13]

Accordingly, the Court **GRANTS** in part and **DENIES** in part Plaintiff's request for an

Order compelling Bio-Techne Corporation to provide a supplemental response to Interrogatory

No. 6, as set forth above.

### iii. Interrogatory Nos. 10, 11, 12

Plaintiff's Interrogatory Nos. 10, 11, and 12, as well as, Defendants' joint response thereto,

are as follows:

> **INTERROGATORY NO. 10:** Provide the number of Defendants' employees who
> requested religious exemptions from Defendants' COVID-19 vaccine mandate.

---

[12] As explained above, typically, such a showing is made by production of a privilege log. "Although '[t]here is no 'privilege log' rule . . ., the privilege log is a convention of modern legal practice." BreathableBaby, LLC v. Crown Crafts, Inc., No. 12-cv-94 (PJS/TNL), 2013 U.S. Dist. LEXIS 95508, at *23 (D. Minn. May 31, 2013) (quoting Bartholomew v. Avalon Capital Group, Inc., 278 F.R.D. 441, 447 (D. Minn. 2011), aff'd 2013 U.S. Dist. LEXIS 91930 (D. Minn. July 1, 2013)).

[13] In addition, this includes any instructions or communications Bio-Techne Corporation had with individuals from its subsidiaries regarding how such COVID-19 employee exemption policy requests would be treated.

**ANSWER:** Bio-Techne objects to this Interrogatory as it does not have any employees. Defendants further object to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the claims and defenses in this case, as it is not limited to employees who held Plaintiff's position or worked under the same work conditions.

Subject to and without waiving these and their General Objections, Bio-Techne states that it does not have any employees.

Subject to and without waiving these and their General Objections, R&D Systems states: 18 employees working in Minneapolis initially requested religious exemptions, seven of whom held the research assistant job title.

**INTERROGATORY NO. 11:** Provide the number of Defendants' employees who were granted a religious exemption from Defendants' COVID-19 vaccine mandate.

**ANSWER:** Bio-Techne objects to this Interrogatory as it does not have any employees. Defendants further object to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the claims and defenses in this case, as it not [sic] limited to employees who held Plaintiff's position or worked under the same work conditions.

Subject to and without waiving these and their General Objections, Bio-Techne states that it does not have any employees.

Subject to and without waiving these and their General Objections, R&D Systems states that it granted six religious exemptions for Minneapolis-based employees, all of whom could perform their job duties remotely. Answering further, R&D Systems states that it did not grant any religious exemptions sought by those who hold the research assistant job title.

**INTERROGATORY NO. 12:** Provide the number of Defendants' employees who were denied a religious exemption from Defendants' COVID-19 vaccine mandate.

**ANSWER:** Bio-Techne objects to this Interrogatory as it does not have any employees. Defendants further object to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the claims and defenses in this case, as it not [sic] limited to employees who held Plaintiff's position or worked under the same work conditions.

Subject to and without waiving these and their General Objections, Bio-Techne states that it does not have any employees.

Subject to and without waiving these and their General Objections, R&D Systems states that some employees rescinded their request for a religious accommodation and became vaccinated or terminated their employment prior to the deadline to become vaccinated. Of the remainder, 9 individuals at the Minneapolis location were denied their requested religious accommodation, five of whom held the research assistant job title.

([Docket No. 40-1] at p. 6-8). During the parties' supplemental meet and confer, discussing Interrogatory Nos. 10, 11, and 12, Defendants provided the following representation:

> During the meet and confer process, Defendants offered to provide this information for individuals employed by R&D Systems and employed by Bio-Techne. To the extent Plaintiff seeks this information for employees of other companies related to Bio-Techne or under the Bio-Techne brand, this information is outside the scope of the request, not relevant, and should be denied for all of the reasons outlined in Defendants' memorandum of law.

(Joint Letter [Docket No. 57] at p. 3).

Defendants maintain in their memorandum that the number of COVID-19 vaccine exemption requests made, granted, or denied, outside of Plaintiff's specific work location is not relevant, and that Plaintiff does not make any attempt to explain how the number of religious exemption requests company-wide (Bio-Techne Corporation and its subsidiaries subject to the same/similar COVID-19 policy at issue here) makes any claim or defense in this case more or less likely. (Defendants' Memo. [Docket No. 50] at p. 9).[14]

On the other hand, Plaintiff argues that Defendants' response is inadequate because a joint employer arrangement concerning the COVID-19 vaccination policy exists or existed between Bio Techne Corporation and its subsidiaries, particularly R&D Systems, Inc. Thus, Plaintiff argues the scope of Rule 26(b)(1) Discovery should not be limited to only R&D Systems, Inc. Because Plaintiff does not take issue with Defendant R&D Systems, Inc.'s portion of the answer to this interrogatory, the Court limits its analysis to only Bio-Techne Corporation's response.

The issue which the Court must decide is whether the "number" of other employees of Bio-Techne Corporation (as 'employees' are characterized in the Corporation's SEC filings) and its

---

[14] In addition, Defendants argue that this request is a veiled attempt to gather information to support a class action against Bio-Techne related to the vaccine policy that is currently pending in this District. See Shane, on behalf of himself and all others similarly situated v. Bio-Techne Corp., 22-cv-3039 (JWB/ECW). However, the records show that Plaintiff's council is not involved with the aforementioned class-based litigation. Further, at the hearing on the present matter, Plaintiff's council confirmed that neither she nor her client were part of the Shane litigation. Accordingly, the Court finds this argument unpersuasive.

subsidiaries who have claimed a religious exemption from the COVID-19 vaccination policy are relevant. To establish a prima facie case of religious discrimination, a plaintiff must show: (1) they are a member of a protected class because of their religious beliefs, (2) they met their employer's legitimate expectations, (3) they suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination. See Gibson v. Am. Greetings Corp., 670 F.3d 844, 853 (8th Cir. 2012); Feges v. Perkins Restaurants, Inc., 483 N.W.2d 701, 711 (Minn. 1992); see also Goins v. West Grp., 635 N.W.2d 717, 722 (Minn. 2001) (determining that liability for disparate treatment depends on if the protected trait "actually motivated" the employer's decision). In the Court's view of the present case, Plaintiff is alleging that Bio-Techne Corporation promulgated a company and subsidiary wide COVID-19 vaccination policy which caused Plaintiff's sincerely held request for a religious exemption to be improperly considered. Indeed, interwoven into Plaintiff's argument is a theory that Defendants' consideration of Plaintiff's specific religious exemption request was a sham.[15] Information regarding the "number" of requests, approvals, and denials could be used as evidence to show that the process for obtaining a religious exemption from Defendants' COVID-19 vaccination policy was inherently flawed due to improper consideration of such requests. Cf. Allen v. Austal United States, LLC, No. 22-cv-328-KD-B, 2023 U.S. Dist. LEXIS 117671, 2023 WL 4440661, at *19 (S.D. Ala. July 10, 2023), report and

---

[15] Plaintiff's theory of the case is distinct from the characterization that Defendants simply did not want unvaccinated employees to be present in their facilities. Instead, the claim appears to be directed at the method and the reasoning behind the Defendants' decision to deny this Plaintiff's religious exemption. Indeed, part of the Defendants' motivations behind their COVID-19 policy may have been due to a partial desire to exclude unvaccinated employees altogether, not just employees who were unvaccinated for religious reasons. However, "Title VII does not demand mere neutrality with regard to religious practices—that they be treated no worse than other practices. Rather, it gives them favored treatment, affirmatively obligating employers not to fail or refuse to hire or discharge any individual because of such individual's religious observance and practice. An employer is surely entitled to have, for example, a no-headwear policy as an ordinary matter. But when an applicant requires an accommodation as an aspect of religious practice, it is no response that the subsequent failure to hire was due to an otherwise-neutral policy. Title VII requires otherwise-neutral policies to give way to the need for an accommodation." E.E.O.C. v. Abercrombie & Fitch Stores, Inc., 575 U.S. 768, 775, 135 S. Ct. 2028, 192 L. Ed. 2d 35 (2015) (citation and alteration omitted).

recommendation adopted, No. 22-00328-KD-B, 2023 U.S. Dist. LEXIS 131843 (S.D. Ala. July 31, 2023) (observing that "microcosmic discreet instances of discrimination would naturally become apparent" through the investigation of "widely encompassing policies, procedures, and tangible employment actions by [defendant] company as a whole"). As evidenced at oral arguments on the matter, part of Plaintiff's theory of the case is that Bio-Techne Corporation, as R&D Systems, Inc.'s parent company and manager, influenced how such religious exemption requests would be considered and decided. This could be demonstrated by very low percentage of exemption approvals under the same COVID-19 policy across all of Bio-Techne Corporation's and its subsidiary's employees. Likewise, the data might show a high percentage of exemption approvals which might be inferred to indicate a non-discriminatory consideration process. But cf. Brandon v. Bd. Of Educ. of City of St. Louis, No. 4:22-cv-00635-SRC, 2023 U.S. Dist. LEXIS 107141, 2023 WL 4104293, at *16 (E.D. Mo. June 21, 2023) (discussing, in the context of providing reasonable accommodations for religious exemptions of the COVID-19 vaccine, that a school District received 150-200 religious-exemption requests and categorically denied all of them which led to the suspension or termination of between 100-127 individuals who applied).

Accordingly, this Court finds that Interrogatory Nos. 10, 11, and 12 are relevant and proportional. Plaintiff's request is **GRANTED** and Defendant Bio-Techne Corporation is ordered to provide a supplemental response.

### iv. Interrogatory No. 15

Plaintiff's Interrogatory No. 15, as well as, Defendants' response thereto, are as follows:

**INTERROGATORY NO. 15:** Identify and describe Defendants' Employment policy, related to their COVID-19 vaccine mandate as applied to employees of Defendants.

**ANSWER:** Bio-Techne objects to this Interrogatory as it does not have any employees. Defendants object to this Interrogatory as vague unintelligible [sic] as to "Employment policy." Defendants invite Plaintiffs to clarify what is sought in by this Interrogatory.

([Docket No. 40-1] at p. 9).

During the parties' meet and confer, discussing Interrogatory No. 15, Defendants provided the following Supplemental Answer:

Defendants contend that all responsive information regarding their [COVID-19] vaccine mandate policy was produced and are not sure what additional information Plaintiff seeks. Defendants provided the Bates range where their policy on the vaccine mandate is located, and directed Plaintiff to the 30(b)(6) testimony on this topic.

(Joint Letter [Docket No. 57] at p. 3).

Plaintiff states that the only Employee policies/handbooks which have been produced thus far are from Bio-Techne Corporation. In addition, Plaintiff further asserts that other discovery suggest that there are internal memos, emails, and board of directors meeting minutes or notes that may further relate to the reasons for the creation, distribution, implementation, and application of the COVID-19 vaccination policy at issue because such a drastic policy would not occur in a vacuum and would not occur just within the confines of just one Bio-Techne subsidiary such as R&D Systems, Inc.

Defendants state that the Interrogatory only asked them to identify and describe the policy, which they claim they have done. The identified documents from Bio-Techne Corporation provide when the employees were required to become vaccinated (November 1, 2021), the proof required (a vaccination card), the reasons for the mandate (employees returning to site and the announcement of a federal government vaccine mandate), and the consequences for not complying (termination). (Defendants' Memo. [Docket No. 50] at pp. 10-11).

Because the continued perceived deficiency stems from R&D Systems, Inc.'s response the Court will only analyze Interrogatory No. 15 with respect to defendant R&D Systems, Inc.

The central issue Interrogatory No. 15 centers around is what does it mean by "Employment policy." When asked to clarify the request by Defendants, Plaintiff stated that "Employment policy" would include "timelines for when an employee must be vaccinated by, what proof they would need to provide, the reasons for implementing the mandate, and the consequences for not complying." (Jewell Decl. Ex. E [Docket No. 40-5] at p. 2-3). In response, only Defendant Bio-Techne Corporation provided Plaintiff with Bates numbers to Bio-Techne's written policy regarding the COVID-19 vaccine mandate.

Plaintiff nevertheless still contends that Interrogatory No. 15 requires Defendant R&D Systems, Inc. to provide more information regarding the reasons for implementing the COVID-19 mandate including internal memos, emails, and board of directors meeting minutes of other documents or notes. However, this interpretation of Interrogatory No. 15 goes beyond the scope of the Interrogatory as drafted by Plaintiff. Defendant R&D Systems, Inc. is only required to answer the interrogatory as it is written. Cf. Bores, No. 05-2498 (RHK/JSM), 2007 U.S. Dist. LEXIS 106868, at *9 n.6 ("[T]his Court will not allow plaintiffs to expand their initial motion to compel through a reply memorandum."); Strio, No. 19-cv-1048, 2020 U.S. Dist. LEXIS 262911, at *20 (refusing to adopt plaintiff's revised and expanded discovery requests and interrogatories). Similarly, if there are no additional COVID-19 policies, the Court cannot order either Defendant to produce what they do not possess. Bombardier Recreational Prods., Inc. v. Arctic Cat, Inc., No. 12-CV-2706 MJD/LIB, 2014 U.S. Dist. LEXIS 157957, 2014 WL 5685463, at *23 (D. Minn. Sept. 24, 2014); Nye v. Hartford Acc. & Indem. Co., No. 12-cv-5028-JLV, 2013 U.S. Dist. LEXIS 85299, 2013 WL 3107492, at *35 (D.S.D. June 18, 2013) ("[A] court cannot order the defendant

to produce what it does not possess"). R&D Systems, Inc., must supplement its own response concerning any "Employment policy" itself, including Employee policies/employee handbooks it created or had affirmatively adopted as they related to the COVID-19 vaccination mandate, if such responsive information exists.

Accordingly, insofar as R&D Systems, Inc. has yet to fully respond for itself to Interrogatory No. 15, this Court **GRANTS** in part Plaintiff's request and Orders R&D Systems, Inc., to supplement its response consistent with the foregoing analysis. All other requests from Plaintiff in relation to Interrogatory No. 15 are **DENIED**.

### v. Interrogatory No. 22

Plaintiff's Interrogatory No. 22, as well as, Defendants' joint response thereto, are as follows:

> **INTERROGATORY NO. 22:** Describe in detail how Defendants viewed the physical space in which Plaintiff worked in order to determine any health or safety concerns in connection with Plaintiff's religious exemption request from Defendants' COVID-19 vaccine mandate.
>
> **ANSWER:** Bio-Techne states that it did not employ Plaintiff, nor did it evaluate his exemption request.
> R&D Systems states that it consulted with Plaintiff's Manager, Jinghua Wang, regarding the physical space in which Plaintiff worked, and that individuals in Human Resources and the General Counsel are also generally familiar with R&D Systems' lab spaces.

([Docket No. 40-1] at p. 14-15).

During the Parties' supplemental meet and confer, discussing Interrogatory No. 22, Defendants provided the following representation:

> Defendants' position is that they have answered this to the best of their ability regarding how the workspace was viewed, as described in their memorandum of law.

(Joint Letter [Docket No. 57] at p. 4).

Plaintiff continues to contest the sufficiency of the Defendant's answers provided arguing that they are vague and inadequate. Specifically, Plaintiff argues that the answer does not identify who the "General Counsel" is by name and fails to identify whether the unnamed "General Counsel" was working on behalf of Bio Techne, R&D, or both.[16] In addition, Plaintiff highlights that the answers fail to describe how such person had viewed or inspected the premises or why the "General Counsel" was familiar with the space in which Plaintiff worked.[17]

### a. Analysis with respect to R&D Systems, Inc.

This Court agrees with Plaintiff. R&D Systems, Inc.'s answer to Interrogatory No. 22 is deficient because it first fails to identify in its executed Rule 33 responses who the General Counsel is and whether the General Counsel was working on behalf of Bio-Techne Corporation, R&D Systems, Inc., or both. Second, R&D Systems, Inc.'s answer is deficient because it fails to describe how the individuals identified actually viewed the work space at issue and determined any specific health or safety concerns in connection with Plaintiff's religious exemption request from Defendants' COVID-19 vaccine mandate.

Accordingly, to the extent that Plaintiff's Motion to Compel seeks an Order of this Court compelling R&D Systems, Inc. to provide a supplemental response to Interrogatory No. 22, Plaintiff's Motion is **GRANTED** as set forth above.

---

[16] Plaintiff concedes that he learned through Defendants' counsel that the name of the "General Counsel" is Shane Bohnen; however, Plaintiff still asserts that such information must be added to Defendants' Answers to Interrogatories because such information is admissible in the matter. An email from counsel is not the same as Defendants' amending their Rule 33 Answers to Interrogatories because counsel cannot testify as to the facts, or the truth of the matter asserted.

[17] Plaintiff also claims that the Interrogatory requires the Defendants to identify "how the physical space of Plaintiff's workspace was a concern for any health or safety concerns as it related to Plaintiff's religious exemption request." (Plf.'s Memo. [Docket No. 39] at p. 8). Here again, Plaintiff improperly attempts to expand an interrogatory beyond the scope of the Interrogatory as drafted. Cf. Bores, No. 05-2498 (RHK/JSM), 2007 U.S. Dist. LEXIS 106868, at *9 n.6 ("[T]his Court will not allow plaintiffs to expand their initial motion to compel through a reply memorandum."); Strio, No. 19-cv-1048, 2020 U.S. Dist. LEXIS 262911, at *20 (refusing to adopt plaintiff's revised and expanded discovery requests and interrogatories). Interrogatory No. 22 may not be read and applied here beyond health or safety concerns related to COVID-19.

**b. Analysis with respect to Bio-Techne Corporation**

While it is unclear whether, Plaintiff also directs his continuing objection to Bio-Techne Corporation's response as well, the Court also adopts the same reasoning as stated above.

In addition, in so far that anyone acting on behalf of or for the benefit of Bio-Techne Corporation has viewed the physical space in which Plaintiff worked in order to determine any health or safety concerns in connection with Plaintiff's religious exemption request from Defendants' COVID-19 vaccine mandate, Bio-Techne Corporation is required to supplement its answer to Interrogatory No. 22.

Accordingly, to the extent that Plaintiff's Motion to Compel seeks an Order of this Court compelling Bio-Techne Corporation to provide a supplemental response to Interrogatory No. 22, Plaintiff's Motion is **GRANTED** as set forth above.

**D. Analysis of 30(b)(6) Deposition Questions**

Plaintiff requests an answer from Defendants regarding five questions asked to Defendants' respective corporate designee in two 30(b)(6) depositions. After providing Notice to each Defendant of a 30(b)(6) deposition, (See generally Dorr Decl. [Docket No. 51-1]; Dorr Decl. [Docket No. 51-2]), the 30(b)(6) deposition of Jennifer Scott as the corporate designee of Bio-Techne Corporation took place on September 6, 2023, [Docket No. 40-30], and the 30(b)(6) deposition of Jennifer Scott as the corporate designee of R&D Systems, Inc. took place on September 7, 2023. [Docket No. 55]. During the 30(b)(6) depositions, Ms. Scott was instructed multiple times by Defendants' counsel not to answer Plaintiff's counsel's questions. The remaining at-issue questions from the 30(b)(6) depositions were reproduced in one of the joint letters to the Court, [Docket No. 61], and are as follows:

> **[Deposition Question 3 to Bio-Techne, Corporation's Designee]:** So in terms of these letters that are the Bio-Techne letterhead – I'm looking as the one, you know,

that we had looked at, PLF000144 – and sorry, and 145 – how many of these letters were sent out on Bio-Techne letterhead, do you know?

**[Objection]:** Objection. I'm going to instruct the witness not to answer.

(30(b)(6) Deposition of Bio-Techne Corporation, Designee Jennifer Scott [Docket No. 40-3] at p. 133, line 10-21).

**[Deposition Question 6 to R&D Systems, Inc.'s Designee]:** So which employees under Bio-Techne's multitude of companies, which employees would use the exemption forms?

**[Objection]:** I'm going to instruct the witness not to answer.

(30(b)(6) Deposition of R&D Systems, Inc., Designee Jennifer Scott [Docket No. 40-4] at p. 140, line 4-7).

**[Deposition Question 8 to R&D Systems, Inc.'s Designee]:** Do you know how many different religious exemptions were requested in terms of which religions?

**[Objection]:** I'm going to instruct the witness not to provide – not to answer.

(30(b)(6) Deposition of R&D Systems, Inc., Designee Jennifer Scott [Docket No. 40-4] at p. 166, line 18-21).

**[Deposition Question 9 to R&D Systems, Inc.'s Designee]:** And then, again, out of the employees that worked for R&D, how many asked for a religious exemption?

**[Objection]:** I am going to instruct the witness not to answer. I will allow her to answer as to the Research Assistant job title in Minneapolis.

(30(b)(6) Deposition of R&D Systems, Inc., Designee Jennifer Scott [Docket No. 40-4] at p. 168, line 7-11).

**Deposition Question 10 to R&D Systems, Inc.'s Designee:** Can you tell me anything at all about the number of people, employees, that asked for a religious exemption or a religious accommodation from the COVID-19 vaccination mandate in year 2021?

**Objection:** And I'll instruct the witness to limit your response to those with Mr. Manick's Job title and job location.

(30(b)(6) Deposition of R&D Systems, Inc., Designee Jennifer Scott [Docket No. 40-4] at pp. 168-69, line 21-5).

Under Federal Rule of Civil Procedure 30(b)(6), a party may, in its notice of deposition, "name as the deponent a public or private corporation . . . or other entity and must describe with reasonable particularity the matters for examination." A requesting party must specify "the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638 (D. Minn. 2000) (JRM/RLE).

The named entity must then designate individuals "who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6). "The persons designated must testify about information known or reasonably available to the organization." Id. "[T]he responding party must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the interrogator and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the interrogator] as to the relevant subject matters." Prokosch, 193 F.R.D. at 638 (alteration in original omitted) (internal quotation marks omitted). A responding party must produce the number of persons that will satisfy the request and must "prepare them so that they may give complete, knowledgeable, and binding answers." Id. (internal quotation marks omitted); see also United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C. 1996) ("If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation.").

For the questions Defendants' counsel instructed the respective 30(b)(6) designee either not to answer the question or to limit her response to only information related to Plaintiff's job title (Research Assistant) and job location (Minneapolis), Defendants give the overarching reasoning for the instructions not to answer as being because the defending attorney deemed the questions to be related to company-wide statistics on religious exemption requests which Defendants contend is irrelevant.[18]

Here all of Defendants' instructions to the Designee not to answer during the at-issue 30(b)(6) deposition were improper. Federal Rule of Civil Procedure 30(c)(2) address is the limited circumstances in which an instruction not to answer a deposition question is appropriate. Counsel may "instruct a deponent not to answer <u>only</u> when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2) (emphasis added); <u>See</u> <u>Armstrong v. Hussmann Co.</u>, 163 F.R.D. 299, 302 (E.D. Mo. 1995) (finding instruction not to answer inappropriate when question did not threaten disclosure of privileged evidence); <u>Dravo Corp. v. Liberty Mutual Ins. Co.</u>, 164 F.R.D. 70, 75 (D. Neb. 1995) (same).

None of the circumstances provided in Rule 30(c)(2) are applicable to Defendants' counsel's instruction to the 30(b)(6) designees not to answer in the present case. Defendants do not assert that the instruction not to answer is based on the assertion of any privilege. In addition, Defendants cannot be asserting a limitation by this Court because no such limitations exist. And finally, Defendants are not asserting a motion under 30(d)(3). As a result, Defendants' counsel's

---

[18] If Defendants had issues regarding discoverability of information within the topics set forth in the 30(b)(6) deposition notices, the better course of action for defense counsel would have been to seek a protective order from the Court quashing the topics defense counsel believed were undiscoverable. Simply waiting until the depositions commenced to unilaterally instruct the 30(b)(6) designee not to answer when that instruction was not based on privilege was improper.

instructions not to answer were on their face improper. See Korbel v. Extendicare Health Servs., No. 13-cv-2640 (SRN/SER), 2015 U.S. Dist. LEXIS 191959, 2015 WL 13651194, at *26-27 (D. Minn. Jan 22, 2015) (holding that an instruction not to answer during a 30(b)(6) deposition was not proper on the grounds that it was not contemplated under 30(c)(2)); Bertrang v. Wisconsin Cent. Ltd., 301 F.R.D. 364, 368 (D. Minn. 2014) (SRN/JJG) (rejecting defendant's argument that an instruction not to answer was proper because the information requested in 30(b)(6) deposition was "duplicative because other witnesses ha[d] testified" on the topic because such objection did not fall under 30(c)(2) or 30(d)(3)).

Accordingly, the Court will permit Plaintiff to reconvene both Defendants' 30(b)(6) depositions of Jennifer Scott for the limited purpose to re-ask the questions Ms. Scott was previously instructed not to answer and ask further reasonable follow up questions about the answers to the disputed deposition questions. Defendants' counsel may not instruct the designee not to answer for any reason except for those specifically provided for in the Federal Rules of Civil Procedure.[19] Counsel will meet and confer to select a mutual convenient date for said supplemental 30(b)(6) depositions.

### III. CONCLUSION

Therefore, for the foregoing reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Compel Discovery, [Docket No. 41], is **GRANTED** in part and **DENIED** in part, as set forth above;

---

[19] Plaintiff's original motion asked for this Court to convene the depositions in front of the Court. Although this specific request appears dropped since it is not in the parties' December 15, 2023, joint letter, [Docket No. 61], the Court is confident that the parties' counsel will conduct themselves civilly and professionally and can conduct the reconvened deposition in a manner consistent with this Order without the need for the depositions to be conducted in the presence of this Court.

2. As soon as practicable and in any event by no later than fourteen (14) days from the date of this Order, Defendant R&D Systems, Inc. shall serve upon Plaintiff its supplemental answers to Interrogatory Nos. 2, 6, 15, and 22, as directed above;

3. As soon as practicable and in any event by no later than fourteen (14) days from the date of this Order, Defendant Bio-Techne Corporation shall serve upon Plaintiff its supplemental answers to Interrogatory Nos. 2, 6, 10, 11, 12, and 22, as directed above;

4. Both R&D Systems, Inc., and Bio-Techne Corporation shall provide plaintiff with a privilege log comporting with the requirements of Federal Rule of Civil Procedure 26(b)(5)(A)(ii) for any responsive information or responsive materials that Defendants have withheld from production or disclosure on the basis of a claim of privilege;

5. Plaintiff may reconvene the Rule 30(b)(6) deposition of Defendant R&D Systems, Inc.'s Rule 30(b)(6) Designee as directed above for a period of no more than two (2) hours to inquire as to questions previously not answered as directed above; and

6. Plaintiff may reconvene the Rule 30(b)(6) deposition of Defendant Bio-Techne Corporation's Rule 30(b)(6) Designee as directed above for a period of no more than two (2) hours to inquire as to questions previously not answered, as directed above.


Date: January 12, 2024                     s/Leo I. Brisbois
                                             Hon. Leo I. Brisbois
                                               U.S. MAGISTRATE JUDGE